IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR187** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **RAYMOND DAVID HARTZ,** | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"). Although the PSR differs from the plea agreement, neither party filed objections to the PSR. *See* "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) recommends that the loss amount for guideline purposes is $3,796.75[1] which, under U.S.S.G. § 2B1.1(b)(1)(A), does not increase the base offense level. The PSR, however, assesses the higher restitution amount as the amount for guideline purposes, requiring an upward adjustment of 2 levels under U.S.S.G. § 2B1.1(b)(1)(B). The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld.

---

[1] The parties agreed in the plea agreement that the restitution amount is the amount stated in the PSR.

IT IS ORDERED:

1.  The Court's tentative findings are that the plea agreement should be upheld, the loss amount for guideline purposes is $3,796.75, and ¶ 34 should be changed to reflect no upward adjustment pursuant to § 2B1.1(b)(1)(A);

2.  The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3.  If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge